# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL,<br><br>                             Petitioner,<br><br>v.<br><br>POLLARD, Warden, STATE OF CALIFORNIA, et al.,<br><br>                           Respondents. | Case No.: 20-cv-00010-BAS-BGS<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner Tremayne Carroll, a state prisoner incarcerated at the R.J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.) Petitioner seeks a preliminary injunction and temporary restraining order, asserting that he is in danger of continued physical and sexual assault at RJD and other California correctional institutions. (*Id.* at 20.) He seeks placement in a safe federal institution, review of prior rules violations, restoration of custody credits, and the return of his property. (*Id.*) For the reasons stated below, the Court **DISMISSES** the Petition without prejudice.

**I.     BACKGROUND**

Petitioner contends that he has been physically and sexually assaulted by staff, has been assaulted by other inmates at the behest of staff, has been denied fair hearings and the right to appeal in connection with falsified rules violations, has had his property confiscated

1

or given away, has falsely been labeled a sex offender or child molester by staff, and has suffered seizures due to his treatment and the lack of ADA compliance, noting that he is in a wheelchair and suffers from numerous physical impairments. (Pet. at 1–20.) Petitioner seeks injunctive relief and a temporary restraining order, arguing that he is in danger of continued physical or sexual assault by inmates at numerous institutions including RJD, that he should have custody credits restored, his property returned, have the rules violations and classifications independently reviewed, and should be placed in "safe" federal custody. (*Id.* at 20.)

## II.    LEGAL STANDARD

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Meanwhile, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

## III.   DISCUSSION

Upon review of the Petition, it appears that habeas corpus is not the proper avenue for Petitioner's claims. The majority of Petitioner's claims and his requests for injunctive relief and a temporary restraining order, a move to another facility, return of property, and review of violations and classifications, appear to be challenges to the conditions of his prison life, and would not "necessarily" impact the length of his custody. *Nettles*, 830 F.3d *v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016); *see also Preiser*, 411 U.S. at 499. Petitioner's instant claims therefore fall outside the core of habeas corpus and must be brought in section 1983.

While restoration of custody credits could conceivably fall within habeas review if it were to result in immediate or earlier release from custody, "[i]f the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of

habeas and may be brought in § 1983." *Nettles*, 830 F.3d at 929 (citing *Muhammad v. Close*, 540 U.S. 749, 754–55 (2004)). Petitioner does not offer specifics as to the rules violations suffered or the resultant loss of credits and does not allege that such relief, if granted, would result in his earlier or immediate release from imprisonment; the record reflects that Petitioner is serving a sentence of 25 years to life for grand theft auto, a third strike offense. (*See* Pet. at 27.)

While Petitioner's claims, as pled, are not cognizable in habeas review, the Ninth Circuit has provided that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." *Nettles*, 830 F.3d at 936 ("'If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'") (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). However, the Court declines to construe Petitioner's case as a § 1983 action.

First, Petitioner has named the warden of the institution where he is currently confined and the State of California as Respondents in this action, but the State of California is not a proper party to a civil rights suit. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 ("§ 1983 actions do not lie against a State.") (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)). Moreover, Petitioner does not make any specific allegations against the warden. Instead, with respect to incidents at RJD, for instance, Petitioner generally alleges that "RJD made Dr. Calderon my doctor" despite complaints Petitioner had against him, that he "was physically and sexually assaulted by staff," that "RJD falsified a RVR," and that "RJD paid inmates to attack me several times," without identifying the individuals involved. (Pet. at 13–14). These allegations are insufficient for conversion to a § 1983 action. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities

3

20cv10

of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)).[1]

Additionally, a review of Petitioner's litigation history reflects that "Tremayne Deon Carroll, also known as Tremaine Carroll, and identified as CDCR Inmate #H-73384, has had three prior prisoner civil actions dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." *Carroll v. Ahboot*, Civil Case No. 16-cv-01853-LAB-MDD, at *4 (S.D. Cal. Oct. 14, 2016) (Order Denying Motion to Proceed IFP and Dismissing Action for Failure to Pay Filing Fee and For Lack of Proper Venue, ECF No. 3 (taking judicial notice of records and proceedings in Southern and Eastern Districts of California).) As such, the Court also declines to convert the Petition into a civil rights complaint because it might expose Petitioner to the PLRA, which would bar him from proceeding *in forma pauperis*, and would make the civil filing fee payable in full upon filing, unless he demonstrates that he "is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *see also Bruce v. Samuels*, ___ U.S. ___, 136 S. Ct. 627, 630 (2016).

## IV. CONCLUSION AND ORDER

Rule 4 of the Rules Governing § 2254 Cases provides that: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, 28 U.S.C. foll. § 2254. In this case, it is plain from the Petition that Petitioner is not

---

[1] Petitioner filed the instant habeas Petition on January 2, 2020. (*See* ECF No. 1.) Petitioner has since submitted a supplemental document to the Petition, which was filed *nunc pro tunc* on January 10, 2020. (*See* ECF Nos. 2–3.) In the supplemental filing, Petitioner now identifies several correctional officers who he alleges "solicited inmates" to "attack and harm" him, alleges that staff members have filed false disciplinary documents because the Warden refuses to transfer him, and requests a temporary restraining order to compel the Warden to force the institutional appeals coordinator to log Petitioner's grievances; Petitioner includes a copy of a Rules Violation Report with a violation date of December 23, 2019 as an exhibit. (*See* ECF No. 2 at 1-8.) However, the Court takes notice that since the filing of the instant habeas action, Petitioner has also filed a separate § 1983 action which appears to include this same supplemental document without the attached exhibit. (*Compare* ECF No. 2 at 1–4 in Civil Case No. 20-cv-00010-BAS-BGS *with* ECF No. 1 at 9–12 in Civil Case No. 20-cv-00079-BAS-RBM.) Thus, even to the extent the supplemental document to the Petition could potentially cure Petitioner's failure to name a proper Respondent, the Petition also does not appear amenable to conversion to section 1983 because it would be duplicative.

presently entitled to federal habeas relief because he has not alleged that the potential restoration of custody credits would "necessarily" impact the length of his custody. *Nettles*, 830 F.3d at 929; *see also Preiser*, 411 U.S. at 499.

Accordingly, the Petition is **DISMISSED** without prejudice for failure to state a cognizable claim on habeas corpus. If Petitioner wishes to challenge the loss of time or credits affecting the length or fact of his custody, he must file a First Amended Petition **no later than March 9, 2020** that sets forth a cognizable habeas corpus claim. The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 amended habeas petition form with a copy of this Order.

**IT IS SO ORDERED.**

**DATED: January 16, 2020**

Hon. Cynthia Bashant
United States District Judge