**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREMAYNE CARROLL,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>POLLARD, Warden, STATE OF CALIFORNIA, *et al.*,<br><br>　　　　　　　Respondents. | Case No.: 20-cv-0010-BAS-BGS<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE**<br><br>**[ECF No. 5]** |

On January 2, 2020, Petitioner, a state prisoner incarcerated at the R.J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding *pro se*, submitted a Petition for a Writ of Habeas Corpus pursuant to 2 8 U.S.C. § 2254 ("Petition"). (ECF No. 1.) On January 16, 2020, the Court dismissed the Petition without prejudice for failure to state a cognizable claim because Petitioner failed to allege that success on the claims presented, which included the restoration of custody credits lost through prison disciplinary actions, would have necessarily impacted the length of his confinement. (Order, ECF No. 4.) Petitioner was instructed that if he "wishes to challenge the loss of time or credits affecting the length or fact of his custody," he must file a First Amended Petition on or before March 9, 2020, setting forth a cognizable habeas corpus claim. (*Id.* at 5.)

On January 31, 2020, Petitioner filed a First Amended Petition, entitled "Petition for Writ of Mandate and Petition for Preliminary Injunctive Relief, and Temporary Restraining

1

Order, (TRO) & Motion for Counsel, 28 U.S.C. §1915(g) Motion to Compel." (First Am. Pet. at 1, ECF No. 5.) Petitioner has not submitted either the required $5.00 filing fee or a request to proceed in forma pauperis ("IFP"). For the reasons discussed below, the First Amended Petition is **DISMISSED** without prejudice.

## I. DISCUSSION

Upon review of the First Amended Petition, it again appears that Petitioner fails to offer specifics with respect to rules violations suffered or loss of credits and does not allege that such relief, if granted, would result in his earlier or immediate release from imprisonment. (*See generally*, First Am. Pet.; *see also* Order at 3.) Petitioner instead appears to advance a variety of challenges arising from the state court's denial of his petition for resentencing under Proposition 36, including but not limited to claims of court error, ineffective assistance of counsel, vindictive and selective prosecution and equal protection violations, as well as claims concerning convictions suffered as a juvenile. (*See e.g.*, First. Am. Pet. at 12–23.)

Even to the extent these contentions are potentially cognizable on habeas review, such challenges to Petitioner's conviction or sentence should ordinarily be heard in the district in which a petitioner was convicted. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497 (1973) (noting that, in enacting amendments to 28 U.S.C. section 2241(d), "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.") Although Petitioner is currently housed at RJD within the Southern District of California, Petitioner's state court conviction occurred in Los Angeles County Superior Court (*see* First Am. Pet. at 47), which is located within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division.[1] *See* 28 U.S.C. § 84(c)(2). It is generally the practice of the district courts in California to accept venue over habeas actions challenging

---

[1] Based on these facts, § 2254 habeas jurisdiction lies in both the Central and Southern Districts. See 28 U.S.C. § 2241(d).

a state conviction in the district in which a petitioner was convicted. Any and all records, witnesses and evidence necessary for the resolution of a petitioner's claims are more readily available in that district. *See Braden*, 410 U.S. at 499 n.15; *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

In the instant case, that district is the Central District of California, Western Division. Accordingly, if Petitioner wishes to file a federal habeas petition challenging his state court conviction, he should file such a petition in the Central District of California, Western Division.

## II. CONCLUSION AND ORDER

Accordingly, in view of Petitioner's failure to substantively respond to the Court's prior Order and failure to submit either the required filing fee or a request to proceed IFP, the First Amended Petition is **DISMISSED** without prejudice.[2]

If Petitioner wishes to challenge the loss of time or credits affecting the length or fact of his sentence of which he was deprived in this District while housed at RJD, he must, **no later than April 6, 2020**, file a Second Amended Petition that sets forth a cognizable habeas corpus claim along with the filing fee or a request to proceed IFP on the blank 28 U.S.C. § 2254 amended habeas form previously provided to him.

If Petitioner wishes to challenge the length or duration of his confinement based on a challenge to his criminal conviction or Proposition 36 decision, he may file a § 2254 petition in the Central District of California.

**IT IS SO ORDERED.**

**DATED: February 10, 2020**

Hon. Cynthia Bashant
United States District Judge

---

[2] To the extent Petitioner again advances challenges to the conditions of his confinement, the First Amended Petition also does not appear amenable to conversion to section 1983 for several of the reasons noted in the January 16, 2020 Order, including that it might expose Petitioner to the PLRA and because it would be duplicative to Petitioner's pending § 1983 action. (*See* Order at 3–4; *compare* ECF No. 1 at 9–12 in *Carroll v. Toele*, Case No. 20-cv-0079-BAS-RBM (S.D. Cal. Jan. 10, 2020) *with* First Am. Pet. at 1–4.)