UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL,<br><br>                        Petitioner,<br><br>   v.<br><br>RALPH DIAZ, Secretary,<br><br>                      Respondent. | Case No.: 20-cv-00010-BAS (BGS)<br><br>**ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>**[ECF No. 10]** |

      On January 2, 2020, Petitioner, a state prisoner incarcerated at the R.J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding *pro se*, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) On January 16, 2020, the Court dismissed the Petition without prejudice and with leave to amend for failure to state a cognizable claim on habeas corpus because Petitioner failed to allege that success on the claims presented, which included the restoration of custody credits lost through prison disciplinary actions, would have necessarily impacted the length of his confinement. (*See generally*, ECF No. 4.) Petitioner was instructed that if he sought to challenge the loss of time or credits affecting the length or fact of his custody, he must file a First Amended Petition on or before March 9, 2020. (*See id.*)

      On January 31, 2020, Petitioner filed a First Amended Petition ("FAP") entitled "Petition for Writ of Mandate and Petition for Preliminary Injunctive Relief, and Temporary Restraining Order, (TRO) & Motion for Counsel, 28 U.S.C. §1915(g) Motion

- 1 -

to Compel." (ECF No. 5 at 1.) Upon review, the Court noted that Petitioner failed to submit either the required $5.00 filing fee or a request to proceed in forma pauperis ("IFP") and again failed to state specifics concerning the rules violations or loss of credits or allege that any such relief, if granted, would affect the length or fact of his custody. (*See* ECF No. 6 at 2.) Instead, the Court noted that Petitioner advanced numerous challenges arising from the state court denial of his resentencing petition under Proposition 36 which, given that Petitioner's state court conviction occurred in the Los Angeles County Superior Court, should customarily be heard in the Central District of California, Western Division, where that superior court is located, rather than the Southern District, which contains the correctional institution where Petitioner is currently incarcerated. (*See id.* at 2–3 (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497, 499 n.15 (1973)).) Accordingly, the Court dismissed the FAP and directed: "If Petitioner wishes to challenge the loss of time or credits affecting the length or fact of his sentence of which he was deprived in this District while housed at RJD," any Second Amended Petition must be filed on or before April 6, 2020, that "sets forth a cognizable habeas corpus claim along with the filing fee or a request to proceed IFP." (*Id.* at 3.) The Court further instructed: "If Petitioner wishes to challenge the length or duration of his confinement based on a challenge to his criminal conviction or Proposition 36 decision, he may file a § 2254 Petition in the Central District of California." (*Id.*)

Petitioner thereafter filed an Objection to the Court's ruling (*see* ECF No. 8), which the Court construed as a Motion for Extension of Time to comply with the Court's February 10, 2020 Order. (*See* ECF No. 9 at 23.) On June 25, 2020, the Court granted an extension of time and instructed Petitioner that the Second Amended Petition must "comply with the directions and conform with the limitations set forth in the Court's February 10, 2020 Order, and be filed with the Clerk of the Court, *together with the $5 filing fee and/or a properly supported Motion to Proceed IFP*," on or before August 10, 2020 and cautioned: "Should Carroll fail to follow these directions, his habeas case will remain dismissed without prejudice and he will be granted no further leave to amend in that case." (*Id.*)

On July 28, 2020, Petitioner filed a Second Amended Petition ("SAP"). (*See* ECF No. 10.) It again appears, as noted with respect to both the Petition and the FAP, that Petitioner fails to offer specifics in the SAP with respect to rules violations suffered or loss of credits and does not allege that such relief, if granted, would result in his earlier or immediate release from imprisonment. (*See generally*, *id.*; *see also* ECF No. 4 at 3; ECF No. 6 at 2.) Instead, upon review, Petitioner again appears to raise challenges to the denial of his Proposition 36 resentencing petition, additionally claims that Proposition 47 applies to his conviction, and asserts a claim of false imprisonment stemming from his treatment by the CDCR during confinement. (*See e.g.*, ECF No. 10 at 6–9.) In the SAP, Petitioner indicates that he is challenging his April 1999 conviction in Los Angeles County Superior Court in Case No. BA173778. (*See id.* at 1.) As previously noted, Petitioner was previously directed that challenges to his Los Angeles County criminal conviction or Proposition 36 decision should be filed in the district in which he was convicted, which again, in this case is the Central District of California, Western Division and not the Southern District of California. (*See* ECF No. 6 at 3.)

Petitioner has also once again failed to submit the filing fee or a request to proceed IFP, despite the specific and repeated direction in both the February 10, 2020 and June 25, 2020 Orders. *See* Local Rule 3(a), 28 U.S.C. foll. § 2254. However, even if Petitioner were to comply with the filing fee requirement, this action remains subject to dismissal without prejudice and without leave to amend for the reasons outlined in the instant Order.

In view of Petitioner's failure to substantively respond to the Orders, the SAP is **DISMISSED** without prejudice and without leave to amend.[1] If Petitioner seeks to pursue his claims regarding the loss of time or credits affecting the length or fact of his sentence of which he was deprived in this District while housed at RJD, he may file a new habeas case in this Court. If, however, Petitioner seeks to pursue his challenge to the denial

---

[1] To the extent Petitioner again advances challenges to the conditions of his confinement, the SAP also does not appear amenable to conversion to § 1983 for several of the reasons previously noted in both the January 16, 2020 and February 10, 2020 Orders, including that it might expose Petitioner to the PLRA and because it would be duplicative to Petitioner's pending § 1983 action. (*See* ECF No. 4 at 3–4; ECF No. 6 at 3 n.2.)

of his resentencing petition under Proposition 36, he should file an action in the Central District of California. Because the instant action is dismissed without leave to amend, Petitioner will not be permitted to file anything further in this case and the Clerk is **DIRECTED** to close the case.

     **IT IS SO ORDERED.**

**DATED: August 10, 2020**

Hon. Cynthia Bashant
United States District Judge